DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*

COPY

07 CIV. 6799

FILED
JUL 27 2007
USDC WP SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
FORTIS CORPORATE INSURANCE N.V.,

              Plaintiff,

   - against -

ATLANTIC CONTAINER LINE AB and CFC
LOGISTICS INC.

              Defendants.
------------------------------------x

07 Civ.

**COMPLAINT**

      Plaintiff, Fortis Corporate Insurance N.V., (hereinafter "Fortis" or "Plaintiff"), by its attorneys, Maloof Browne & Eagan LLC, for its Complaint, alleges on information and belief as follows:

      1.    All and singular the following premises are true and constitute claims arising under an Act of Congress regulating commerce within the meaning of 28 U.S.C. § 1337(a), and under 28 U.S.C. § 1333, and arising under Rule 9(h) within the admiralty and maritime jurisdiction of this Honorable Court.

      2.    At all material times, Plaintiff, was, and now is, a foreign corporation and was, at all material times, the insurer of cargoes carried onboard the defendant vessel all as more fully set forth hereinafter.

      3.    At all material times, Defendants CFC Logistics, Inc. (hereinafter "CFC") and Atlantic Container Lines AB (hereinafter "ACL") (collectively "Defendants"), were, and

now are, foreign corporations or other entities organized and existing under and by virtue of the laws of a foreign state or country, as carriers of goods by water and/or road for hire, between or from the ports, among others, of New York and Rotterdam.

4. At all material times, Defendants did business in New York, utilized the Port of New York and solicited business in the State of New York making them subject to the jurisdiction of this court

5. On or about November 16, 2004, at Quakertown, Pennsylvania, there was sold to G.H. Prins & Zonen B.V. and shipped by Marcho Farms, Inc., and delivered to the Defendants, a shipment of frozen calf rennet, then being in good order and condition (the "Shipment"), and the Defendants, then and there accepted the Shipment so shipped and delivered to them. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendants further agreed to transport and carry said Shipment to the port of Rotterdam, The Netherlands, and deliver the Shipment in like good order and condition to Plaintiff's assured or its designee. The Shipment was described in a certain bills of lading issued and numbered 018915 dated November 15, 2004, ACLU 4K56S127292 dated December 1, 2004 and/or other documents also constituting portions of the contract of carriage for the M/V OOCL Faith.

6. The Shipment was discharged in the Netherlands, but not, however, in the same quantity, good order and condition as when shipped, but on the contrary, the shipment was damaged, all in violation of the obligations of the Defendants, including their obligations, under the applicable contract of carriage, as bailees or carriers of merchandise by water and/or road for hire, and when applicable statutes.

7. Plaintiff insured the Shipment and has or will pay certain damages incurred by its assured, G.H. Prins & Zonen B.V., due to the shipment having been damaged by the Defendants. Plaintiff's assured has performed all duties required of them under the applicable contract of carriage.

8. By reason of the premises, Plaintiff sustained losses in the sum of $64,000 or more, plus fees and expenses.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND OF
### DUTIES UNDER APPLICABLE TREATIES

**(Against All Defendants)**

9. Plaintiff incorporates herein by reference the allegations of paragraphs 1-8 above.

10. By reason of the foregoing, Defendants were common carriers of merchandise by water for hire within the meaning of the Applicable Treaties for the Carriage of Goods by Sea, and breached their duties as carriers under such treaties and under the contract of carriage entered into by the Defendants.

11. By reason of the foregoing, the Defendants have caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $64,000.

## SECOND CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS

**(Against All Defendants)**

12. Plaintiff incorporates herein by reference the allegations of paragraphs 1-11 above.

13. The Defendants were acting as bailees of the Shipment at the times it was damaged. The Defendants were thereby, or through their contractors, agents, servants or sub-bailees, bailees who warranted and had a legal duty to safely keep, care for and deliver the said Shipment in the same condition as when entrusted to them and to perform their services as bailees or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. The Defendants breached those bailment obligations and

negligently failed to deliver to Plaintiff's assured, or its designee, the Shipment in as good condition as when entrusted to them.

14. By reason of the foregoing, each of the Defendants have caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $64,000.

### THIRD CAUSE OF ACTION

### NEGLIGENCE

### (Against all Defendants)

15. Plaintiff incorporates herein by reference the allegations of paragraphs 1-14 above.

16. The Defendants, by their negligence, damaged the Shipment. They therefore negligently failed to deliver the Shipment to Plaintiff's assured, or its designee, in as good condition as when entrusted to them.

17. By reason of the foregoing, the Defendants have caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $64,000.

### AS TO ALL CAUSES OF ACTION

All and singular, the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

**WHEREFORE**, Plaintiff prays that:

1. Process in due form of law issues against the Defendants, citing them to appear and answer this Complaint;

2. That if said Defendants cannot be found within this District, then all its property within this District be attached in a sum estimated to be or exceed U.S. $64,000 with

interest thereon and costs, the sum sued for in this Complaint;

        3. The Court Order, Adjudge and Decree that the Defendants, CFC and ACL pay to Plaintiff the damage suffered, together with interest thereon, attorneys' fees and expenses and costs of these proceedings; and

        4. Plaintiff have such other additional relief as equity, justice and the law allows or permits in the premises.

Respectfully Submitted,

Dated: Rye, New York
       February 7, 2007

MALOOF BROWNE & EAGAN LLC

By: _____
David T. Maloof (DM 3350)
Thomas M. Eagan (TE 1713)
411 Theodore Fremd Ave., Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*