```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
FORTIS CORPORATE INSURANCE, N.V.              07 CV 6799

                          Plaintiff,          ANSWER WITH
                                              AFFIRMATIVE
         -against-                            DEFENSES AND
                                              CROSS-CLAIM
ATLANTIC CONTAINER LINE AB and
CFC LOGISTICS INC.,
                          Defendants.
------------------------------------------X
```

Defendants ATLANTIC CONTAINER LINE AB ("ACL"), by its attorneys, MAHONEY & KEANE, LLP, answers the Complaint of plaintiff upon information and belief as follows:

FIRST:  Defendant ACL denies each and every allegation contained in paragraphs "1", "3", "4", "5", "6", "7" and "8" of plaintiff's Complaint.

SECOND:  Defendant ACL denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of plaintiff's Complaint.

### DEFENDANTS ANSWERING PLAINTIFF'S FIRST CAUSE OF ACTION

THIRD:  Defendant ACL repeats and reiterates each and every allegation contained in paragraphs "FIRST" and "SECOND" as if specifically set forth herein at length in answer to the allegations contained in paragraph "9" of plaintiff's Complaint.

FOURTH:  Defendant ACL denies the allegations contained in paragraphs "10" and "11" of plaintiff's Complaint.

### DEFENDANTS ANSWERING PLAINTIFF'S SECOND CAUSE OF ACTION

FIFTH:   Defendant ACL repeats and reiterates each and every allegation contained in paragraphs "FIRST" through "FOURTH" as if specifically set forth herein at length in answer to the allegations contained in paragraph "12" of plaintiff's Complaint.

SIXTH:   Defendant ACL denies the allegations contained in paragraphs "13" and "14" of plaintiff's Complaint.

### DEFENDANTS ANSWERING PLAINTIFF'S THIRD CAUSE OF ACTION

SEVENTH:   Defendant ACL repeats and reiterates each and every allegation contained in paragraphs "FIRST" through "SIXTH" as if specifically set forth herein at length in answer to the allegations contained in paragraph "15" of plaintiff's Complaint.

EIGHTH:   Defendant ACL denies the allegations contained in paragraphs "16" and "17" of plaintiff's Complaint.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINTH:   The Complaint fails to state a claim against defendant ACL on which relief can be granted.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TENTH:   Answering defendant is not liable to plaintiff on the causes of action alleged in the Complaint.

AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

ELEVENTH: If there was any loss and/or damage to cargo as alleged in the Complaint it was occasioned by causes for which the defendant ACL is exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, et seq.

AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWELFTH: If this Honorable Court finds that the plaintiff has suffered damages to cargo for which defendant ACL is liable, said damages must be limited pursuant to 46 U.S.C.A. 1304(5).

AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH: If there was any loss of and/or damage to cargo as alleged in the Complaint, defendant ACL is not liable to the plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH: If there was any loss/and or damage to cargo as alleged in the Complaint, it was occasioned by causes for which the defendant ACL is exonerated under the Harter Act, Title 46 U.S.C.A. § 190, et seq.

AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

3

FIFTEENTH: Defendant ACL puts plaintiff to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading and in the United States Carriage of Goods by Sea Act, 1936.

### AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH: Any loss or damage to the goods, as alleged in the Complaint, that may have occurred while they were in the possession of custody of defendant ACL or on board the carrying vessel(s) arose from the conditions of the goods when delivered to defendant ACL or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and defendant ACL is not under any liability for any such loss or damage.

### AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH: (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 1936

and the aforesaid bill(s) of lading.

(B) Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessels, which is denied, defendant ACL is not under liability therefore.

AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTEENTH: Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid bill(s) of lading and the United States Carriage of Goods by Sea Act, 1936 and/or the Doctrine of Laches.

AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINETEENTH: Any damages sustained by plaintiff, as alleged in the Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom defendant ACL had and has no direction or control.

AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTIETH: Plaintiff knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIRST: Any injuries that may have been sustained by plaintiff, as alleged in its Complaint, occurred as a direct

result of plaintiff's own negligent conduct, and not by any negligence of defendant ACL and as such plaintiff is barred from recovery in this action.

AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SECOND: Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in plaintiff's Complaint, and its recovery, if any, must be diminished in proportion thereto.

AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-THIRD: Plaintiff herein has failed to mitigate its damages.

AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FOURTH: The forum is inconvenient and the Complaint should be dismissed pursuant to the Doctrine of Forum Non Conveniens.

AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIFTH: The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. §1404.

AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE

TWENTY-SIXTH: The terms of the bill of lading, tariff and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

AS AND FOR AN NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: Plaintiff has failed to bring defendant ACL within the personal jurisdiction of the Court.

AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: This Court lacks personal jurisdiction of the defendant ACL.

AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-NINTH: Plaintiff has failed to make proper service of process upon defendant ACL.

AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTIETH: Defendant ACL was an agent for a disclosed principal at all times at issue and therefore is not liable on the causes of action alleged.

AS AND FOR A TWENTY-THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FIRST: This Answer and Cross-Claim is made

without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

### AS AND FOR A CROSS-CLAIM AGAINST DEFENDANT CFC LOGISTICS INC.

THIRTY-SECOND: This is a claim under the Court's admiralty and maritime jurisdiction, and under the Court's diversity and pendent jurisdiction.

THIRTY-THIRD: That all times mentioned hereafter ATLANTIC CONTAINER LINE AB was and is a corporation duly organized and existing pursuant to the laws of a foreign country.

THIRTY-FOURTH: That if plaintiff suffered any loss and/or damage, which is denied, the loss and/or damage was caused solely by the negligence, breach of contract (express or implied) breach of warranty (express or implied) and/or the fault of defendant CFC LOGISTICS.

THIRTY-FIFTH: That if defendant ACL is found responsible for any of the loss and/or damage sustained by plaintiff herein, defendant ACL is entitled to indemnification and/or contribution in whole or in part from the co-defendant CFC LOGISTICS INC. for said losses and/or damage including costs and reasonable counsel fees.

WHEREFORE, defendant ATLANTIC CONTAINER LINE AB demands judgment dismissing the Complaint herein, and awarding ATLANTIC

CONTAINER LINE AB costs, fees, including reasonable attorneys' fees and disbursements of this action, and further demands judgment against the co-defendant CFC LOGISTICS INC. for all sums which may be recovered by plaintiff against the defendant ATLANTIC CONAINER LINE AB, plus costs, fees, and disbursements of this action, and for such other and further relief as to the Court may seems just and proper.

Dated: New York, N.Y.
       August 13, 2007

                              MAHONEY & KEANE, LLP
                              Attorneys for Defendant
                              ATLANTIC CONTAINER LINE AB

By: _____
      Garth S. Wolfson (GW 7700)
      111 Broadway, Tenth Floor
      New York, New York 10006
      (212) 385-1422
      File No.: 17/3448/B/07/8

TO:   MALOOF BROWNE & EAGAN LLC
      Attorneys for Plaintiff
      411 Theodore Fremd Avenue
      Suite 190
      Rye, New York 10580-1411
      (914) 921-1200