Edward Farman (EF 7329)
SCHINDEL, FARMAN, LIPSIUS,
GARDNER & RABINOVICH LLP
14 Penn Plaza, Suite 500
New York, New York 10122
212-563-1710
*Attorneys for Defendant CFC Logistics, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FORTIS CORPORATE INSURANCE N.V.                        Docket No. 07 Civ 6799

                Plaintiff

      -against-                                        **ANSWER**

ATLANTIC CONTAINER LINE AB and
CFC LOGISTICS, INC.,

               Defendants.
-----------------------------------------------------------X

      Defendant CFC Logistics, Inc. ("CFC"), by its attorneys, Schindel, Farman, Lipsius, Gardner & Rabinovich LLP, for its answer to the Complaint, alleges as follows:

      1.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1 of the Complaint.

      2.    Denies the allegations contained in paragraph 2 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2 of the Complaint with respect to defendant Atlantic Container Line AB ("ACL").

      3.    Denies the allegations contained in paragraph 3 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 3 of the Complaint with respect to defendant ACL.

4. Denies the allegations contained in paragraph 4 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 4 of the Complaint with respect to defendant ACL.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint, except denies the allegations set forth in paragraph 5 of the Complaint with respect to defendant CFC.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint, except denies the allegations set forth in paragraph 6 of the Complaint with respect to defendant CFC.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint, except denies the allegations set forth in paragraph 7 of the Complaint with respect to defendant CFC.

8. Denies the allegations contained in paragraph 8 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION

9. CFC repeats the responses above to the allegations contained in paragraphs 1 through 8 above.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint, except denies the allegations set forth in paragraph 10 of the Complaint with respect to defendant ACL.

11. Denies the allegations contained in paragraph 11 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION

12. CFC repeats the responses above to the allegations contained in paragraphs 1 through 11 above.

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint, except denies the allegations set forth in paragraph 13 of the Complaint with respect to defendant CFC, and except admits that CFC was a bailee of certain goods for the account of Marcho Farms, Inc., which were received from CFC by an agent of ACL.

14. Denies the allegations contained in paragraph 14 of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION

15. CFC repeats the responses above to the allegations contained in paragraphs 1 through 14 above.

16. Denies the allegations contained in paragraph 16 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 16 of the Complaint with respect to defendant ACL.

17. Denies the allegations contained in paragraph 17 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted against CFC.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter of the claims asserted against CFC.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the person of CFC.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

This action is barred by the terms and conditions of the warehouse receipts issued by CFC to Marcho Farms, Inc.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not the real party in interest.

**WHEREFORE,** defendant CFC Logistics Inc. respectfully requests that the Complaint against it be dismissed in its entirety.

Dated: New York, New York
       October 1, 2007

                                          SCHINDEL, FARMAN, LIPSIUS,
                                          GARDNER & RABINOVICH LLP
                                          Attorneys for Defendant
                                          CFC Logistics, Inc.

                             By: _____
                                          Edward Farman
                                          14 Penn Plaza, Suite 500
                                          New York, New York 10122
                                          (212) 563-1710

TO:    Thomas M. Eagan, Esq.
        MALOOF BROWNE & EAGAN LLC
        Attorneys for Plaintiff
        411 Theodore Freund Avenue, Suite 190
        Rye, New York 10580
        (914) 921-1200

        Garth S. Wolfson, Esq.
        Mahoney & Keane, LLP
        Attorneys for Defendant
        Atlantic Container Line AB
        111 Broadway
        New York, NY 10006
        (212) 385-1605